**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| SHAKA JACOBS, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :    CASE NO.: 7:24-CV-124 (LAG) |
| | : |
| FOREMOST INSURANCE COMPANY, | : |
| | : |
|     Defendant. | : |
| | : |

## **ORDER**

Before the Court is the Parties' Consent Motion to Correct Misnomer and Consent Motion to Stay Submission of the Proposed Scheduling and Discovery Order. (Docs. 6–7). On August 29, 2024, Plaintiff Shaka Jacobs filed this action arising from an insurance claim in the Superior Court for Lowndes County. (Doc. 1-1). On November 26, 2024, Defendant removed this action pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1). On December 2, 2024, the Court entered a Rules 16/26 Order which ordered the parties to submit a proposed scheduling and discovery order by January 2, 2025. (Doc. 2).

On December 30, 2024, the Parties filed a Consent Motion to Correct Misnomer. (Doc. 6). Therein, the Parties move to correct Defendant's name to "Foremost Insurance Company Grand Rapids, Michigan." (*Id.* at 1–2). Although Defendant has not yet been served with process, counsel for Defendant "notified plaintiff's counsel that the correct name of the insurer is Foremost Insurance Company Grand Rapids, Michigan, and not Foremost Insurance Company, that issued the insurance policy." (*Id.*). For good cause shown, the Parties' Consent Motion (Doc. 6) is **GRANTED**. The Clerk of Court is directed to update Defendant's name to Foremost Insurance Company Grand Rapids, Michigan.

On January 2, 2025, the Parties filed a Consent Motion to Stay Submission of the Proposed Scheduling and Discovery Order. (Doc. 7). Therein, the Parties represent that they "convened the Rule 16(f) [conference] on December 19, 2024, at which time

Plaintiff's counsel indicated that he is significantly reassessing the damages being sought which might lead to an early resolution of the case." (*Id.* at 2). The Parties also note that due to the misnomer, Defendant has not been served and the Answer is not yet due. Therefore, the Parties "seek a stay of the deadline to submit the Proposed Scheduling and Discovery Order until 30 days after the [Defendant] has answered the Complaint." (*Id.*). The Parties argue that "[t]his extension of time will allow the parties to evaluate whether the case can be resolved and, alternatively, to meaningfully propose a schedule for discovery is they are unable to reach a settlement." (*Id.*). District courts have broad discretion in determining whether to stay discovery and pretrial deadlines. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002). For good cause shown, the Parties' Consent Motion to Stay (Doc. 7) is **GRANTED**.

**SO ORDERED**, this 21st day of January, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**